*308 MEMORANDUM:
BY THE COURT
There is no contention over the facts in the case, which need not be reviewed, as it is not contended on behalf of the defendant that during the period involved the plaintiff was not the chief support of his mother, and the ultimate conclusion that he was in fact her chief support is stated in the findings. The only contention made by counsel for defendant is that a portion of the claim is barred by the statute of limitations. This contention is based on the fact that the claim covers a period beginning with July 1, 1925, and the petition was not filed until December 16,1931, but the evidence *309 shows that during the period July 1, 1925, to December 31, 1925, inclusive, the plaintiff received the regular allowances from the Government for a dependent mother. After January 1, 1926, action was taken which resulted in deducting from the pay of the plaintiff all of the allowances made to him during this period as to which it is said the statute of limitations applies. It is clear that plaintiff’s right to recover this sum which had been so deducted from his salary did not arise until after January 1, 1926, and is, therefore, not barred by the statute of limitations.
The conclusion of law will show that the court decides that plaintiff is entitled to recover but entry of judgment will be suspended to await the presentation of evidence as to whether the condition of dejiendency exists at the date of judgment in the case, and also to await the receipt of a report from the General Accounting Office showing the exact amount due the plaintiff up to the date of judgment.